E-FILED
Tuesday, 01 August, 2017 01:53:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP & TRAINING PROGRAM, LABORERS' OF ILLINOIS VACATION FUND, NORTH CENTRAL ILLINOIS HEALTH & WELFARE FUND, MIDWEST REGION ORGANIZING COMMITTEE, MIDWEST REGION FOR FAIR CONTRACTING, LABORERS' LOCAL 362, LABORERS' LOCAL 165, LABORERS' LOCAL 703, SUBSTANCE ABUSE TESTING PROGRAM, INDUSTRY ADVANCEMENT FUND, AND LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST,<br><br>    Plaintiffs,<br><br>    v.<br><br>ACCURATE SITE SPECIALISTS, INC.,<br><br>    Defendant. | Case No. 1:15-cv-01483-JBM-JEH |

## <u>ORDER & OPINION</u>

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 17). As explained below, Plaintiff's Motion for Default Judgment is granted.

## BACKGROUND

On November 30, 2015, Plaintiffs[1] filed their Complaint (Doc. 1) pursuant to 29 U.S.C. § 1145, claiming that Defendant failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs allege that Defendant is obligated to make contributions to Plaintiffs in accordance with collective bargaining agreements and other agreements entered into between Defendant and Laborers' International Union of North America. (Doc. 1 at 2). These agreements require, among other things, that Defendant contribute to Plaintiff employee benefit funds based on work performed by members of Laborers' Local Unions Numbers 362, 165, 703. (Doc. 1 at 3). Additionally, Defendant is obligated to allow Plaintiffs to examine Defendant's payroll books and records to determine whether Defendant is paying Plaintiffs all required contributions and to pay liquidated damages if contributions are unpaid or untimely. (Doc. 1 at 3-4). Defendant is also obligated to pay Plaintiff's attorney's fees and costs if any action is brought to recover delinquent contributions. (Doc. 1 at 4).

In its Complaint, Plaintiffs claim that Defendant has failed to provide Plaintiffs with its payroll and other business records for purposes of an audit and has failed to make the required contributions. (Doc. 1 at 4). Additionally, Plaintiff alleges that Defendant owes liquidated damages and interest on those payments as well. (Doc. 1 at 5).

---

[1] Plaintiff Central Laborers' Pension Fund is the collection agent for the other named Plaintiffs, which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America and certain employer associations whose employees are covered by the collective bargaining agreements. (Doc. 1 at 2).

2

On February 10, 2016, Defendant was served with Summons and a copy of the Complaint. *See* July 22, 2016 Text Order. Defendant was required to appear, plead, or otherwise defend the action by March 2, 2016. *Id*. Defendant did not appear, plead, or otherwise defend the action by March 2, 2016. *Id*. On July 21, Plaintiffs filed a renewed Application for Entry of Default.[2] (Doc. 6). On July 22, 2016, Judge Hawley granted Plaintiffs' Renewed Application for Entry of Default and entered an Entry of Default. *See* July 22, 2016 Text Order.

## DISCUSSION

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Defendant's default was entered on July 22, 2016. Accordingly, Defendant is liable to Plaintiffs under 29 U.S.C. § 1145 based on its failure provide access to its payroll records, make contributions, or pay liquidated damages and interest required by the collective bargaining agreement between Defendant and Plaintiffs, as alleged in the Complaint.

While liability may be established from the well-pleaded facts of the complaint, a plaintiff must still show it is entitled to the amount of damages it seeks. *Dundee Cement*, 722 F.2d at 1323. Default judgment may not be granted without a hearing

---

[2] Plaintiffs' original Application for Entry of Default (Doc. 5) was denied because Plaintiffs failed to show how the process server served the Defendant's registered agent or whether the Complaint was served along with the summons. *See* March 29, 2016 Text Order. Plaintiff was given leave to renew its Application for Entry of Default. *Id*.

3

on damages unless the amount of damages claimed is "capable of ascertainment from definite figures in the documentary evidence or in detailed affidavits." *Id*. These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Plaintiffs have submitted a copy of the audit to support these amounts. (Doc. 17-1).

When a court finds in favor of a plan under 29 U.S.C. § 1145, the plan can be awarded 1) the unpaid contributions; 2) any interest owed on unpaid contributions; 3) the greater of either the interest owed on unpaid contributions or the liquidated damages for which the plan provides; 4) reasonable attorneys' fees and costs of litigation; and 5) any other legal or equitable relief the court finds appropriate. 29 U.S.C. § 1132(g)(2). Plaintiff requests damages in the amount of $1,727.20 plus attorneys' fees and costs in the amount of $4,791.54. (Doc. 17 at 6). To support the figures, Plaintiff has submitted the audit report from Romolo & Associates, the firm audited Defendant's employee benefit contributions. (Doc. 17-1 at 1-14). The audit report details the missing contributions, and is accompanied by several spreadsheets and other documentary evidence showing the amount of unpaid contributions, interest, and liquidated damages. (Doc. 17-1). The Court has reviewed the materials Plaintiff submitted with its Motion, and has determined Plaintiff has adequately supported its damages request with documentary evidence. As shown by the documentary evidence and detailed affidavits, Defendant owes a total of $1,727.20 to Plaintiff for unpaid benefit contributions, audit costs, and liquidated damages.

Plaintiff also asks that it be awarded $4,791.54 for attorneys' fees and costs. (Doc. 17-3). Plaintiff has provided an itemized recording of the hourly rate, amount

4

of time, and work provided by Attorney Jacob Blickhan, as well as the amount of costs incurred. (Doc. 17-3). Plaintiffs' attorney charged $150 per hour for 8.7 hours and $175 per hour for 16.05 hours. (Doc. 17-3 at 3). Cavanagh & O'Hara requested a total of $4,113.75 in fees and $677.79 in costs, for a requested total of $4,791.54.

In awarding fees under § 1132(g)(2)(D), courts must determine whether the rate charged and the amount of time spent was reasonable. *See Anderson v. AB Painting & Sandblasting Inc.,* 578 F.3d 542, 544-46 (7th Cir. 2009). The Court finds the rate charged by Plaintiff's counsel is a reasonable hourly rate.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. 17) is GRANTED. Plaintiff is AWARDED $1,727.20 in unpaid contributions, audit costs, and liquidated damages, and $4,791.54 in attorneys' fees and costs. The Clerk is directed to ENTER default judgment against Defendant in the amount of $6,518.74.

CASE TERMINATED.

Entered this _1st_ day of August, 2017.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

5